UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JTH Tax Inc., d/b/a Liberty Tax Service,     )<br>                               Plaintiff   )<br>                                         )<br>   v.                                         )<br>                                         )<br>Ronald Lee,                   )<br>                               Defendant   ) | Case No. 07-mc-4008 |

**ORDER**

There is currently a franchise/trademark dispute between JTH Tax Inc. and its former franchisee Ronald Lee, who at one time owned 5 franchises in the Davenport area. The franchise (which was known as Liberty Tax Service) has been terminated, and there is litigation pending in Virginia.

Ronald Lee's wife, Terry Lee, owns a tax business (U.S.Tax Service), which purportedly has three offices, two in Davenport and a third in Moline, at the same locations as former Liberty franchises. Plaintiff in the Virginia case has served Terry Lee with two Rule 45 Subpoenas for documents and deposition, in an effort to find out the relationship, if any, of Ronald Lee to U.S. Tax Service, and to determine whether he has breached any of his franchise obligations, such as non-solicitation and non-competition.

Plaintiff issued the first subpoena out of the Northern District of Illinois on March 12, 2007. That subpoena called for production of specified documents by April 11, with her deposition to follow on May 9. Mrs. Lee objected in writing to production of some of the items listed on the subpoena; the remaining documents were apparently produced.

After Mrs. Lee's objections were received, counsel for JTH realized that neither Mrs. Lee's residence nor her business was within the Northern District of Illinois. A second

subpoena was issued on April 11, 2007, from the Central District of Illinois, and it was served on April 15, 2007, on Mrs. Lee in Davenport, Iowa. This second subpoena called for production of the same documents as the first subpoena. The date for production was moved back to April 20; the date of her deposition remained the same. Mrs. Lee did not respond in any fashion to the second subpoena.

JTH has now filed a petition in this court to compel compliance with the second subpoena. The submission of that petition caused the Clerk of this Court to open this miscellaneous case. JTH has not served its motion to compel on Mrs. Lee. Instead, it filed a motion asking the Court to appoint a special process server under Fed.R.Civ.P. 4.1, in order that the motion to compel might be served on Mrs. Lee.

### Fed.R.Civ.P. 4.1

The text of Fed.R.Civ.P. 4.1 in its entirety provides:

> **(a) Generally**. Process other than a summons as provided in Rule 4 or subpoena as provided in Rule 45 shall be served by a United States marshal, a deputy United States marshal, or a person specially appointed for that purpose, who shall make proof of service as provided in Rule 4(1). The process may be served anywhere within the territorial limits of the state in which the district court is located, and, when authorized by a statute of the United States, beyond the territorial limits of that state.
>
> **(b) Enforcement of Orders: Commitment for Civil Contempt**. An order of civil commitment of a person held to be in contempt of a decree or injunction issued to enforce the laws of the United States may be served and enforced in any district. Other orders in civil contempt proceedings shall be served in the state in which the court issuing the order to be enforced is located or elsewhere within the United States is not more than 100 miles from the place at which the order to be enforced was issued.

It is apparent from the text of this Rule that subdivision (b) has no bearing on the instant case. The petition in this case is not based on any decree or injunction issued in the Virginia case or by this Court; it is based solely on a motion to enforce a subpoena that issued from this Court. I find that only subdivision (a) has any possible applicability to this case. This Order is therefore limited to the meaning and applicability of Rule 4.1(a).

Rule 4.1 cannot be read in isolation.  Fed.R.Civ.P. 4(c)(2) provides:

> Service may be effected by any person who is not a party and who is at least 18 year of age.  At the request of the plaintiff, however, the court **may** direct that service be effected by a United States marshal, deputy United States marshal, or other person or officer specially appointed by the court for that purpose.  Such an appointment must be made when the plaintiff is authorized to proceed in forma pauperis pursuant to 28 U.S.C. §1915 or is authorized to proceed as a seaman under 18 U.S.C. §1916.

Fed.R.Civ.P. 4(c)(2)[emphasis added].  In other words, unless the plaintiff is a pauper or a seaman, court appointment of a special process server is discretionary.

According to the Practice Commentaries[1] to Rule 4, "[l]eaving the matter in the court's discretion permits the exigencies of each case - assuming the case has any, as it should be shown to have in order to invoke this provision - to be taken into account."  David D. Siegel, Practice Commentaries, C4-14. Service by Marshal or Appointee, (contained in 28 U.S.C.A. Fed.R.Civ.P. Rule 1-11)(Supp.2006).

Under Fed.R.Civ.P. 4(c), the responsibility for service of process rests with the plaintiff, and service may be made by any person who is not a party and over the age of 18. Plaintiff has not explained why a private process server cannot serve Mrs. Lee with the case-initiating document in this case, absent a court appointment, nor has any exigency that might justify such an appointment been articulated.

---

[1] See, Robinson Engineering Co. Pension Plan and Trust v. George, 223 F.3d 445 (7th Cir. 2000), quoting from Practice Commentaries to Fed.R.Civ.P. 4.

Assuming without deciding that the process required in this case is the type of "other process" with which Rule 4.1 deals[2], I conclude that plaintiff has failed to meet its burden of showing that appointment of a special process server is warranted in this case. The motion for appointment of a special process server (#3) to serve process in this case is therefore **DENIED**. Counsel shall arrange private service of process upon Mrs. Lee and shall file return of service executed with the Court. Resolution of the motion to compel (#1) shall be **DEFERRED** until such time as service has been effected and Mrs. Lee has had the opportunity to file a response to that motion.

ENTER this 4th day of May, 2007.

s/ John A. Gorman

JOHN A. GORMAN

UNITED STATES MAGISTRATE JUDGE

---

[2]This phrase has been interpreted as including temporary restraining orders, injunctions, attachments, arrests, and orders relating to judicial sales. Wright & Miller, Federal Practice and Procedure, Civil 3d § 1090. The Court found no case involving the type of situation presented in this case.